IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEDERGERBER MEDICAL INNOVATIONS, LLC, and DR. WALTER LEDERGERBER, Plaintiffs/Counterclaim Defendants, v. W.L. GORE & ASSOCIATES, INC. Defendant/Counterclaim Plaintiff. | Civil Action No. 07 C 1593 Honorable Virginia M. Kendall Magistrate Judge Geraldine Soat Brown |

## MOTION FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT

Pursuant to Fed. R. Civ. Proc. 54(b), Plaintiffs Ledergerber Medical Innovations, LLC and Dr. Walter Ledergerber ("plaintiffs") hereby move the Court for entry of final judgment of non-infringement and dismissal without prejudice of all remaining claims and counterclaims.

On February 17, 2009, the Court entered its Memorandum Opinion and Order construing the claims of the asserted '418 patent (Dkt. 114). Based upon the Court's claim construction, plaintiffs believe that they cannot establish infringement by defendant by a preponderance of the evidence.

Infringement, of course, is a two-step process. "First, the court determines the scope and meaning of the patent claims asserted.... [Second,] the properly construed claims are compared to the allegedly infringing device." Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc) (citations omitted). Step one, claim construction, is an issue of law. Markman v. Westview Instruments, Inc., 52 F3d 967, 970-71 (Fed. Cir.1995) (en banc), aff'd, 517 U.S. 370 (1996). Step two,

comparison of the claim to the accused product, requires a determination that every claim limitation or its equivalent be found in the accused device. Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997). That is a question of fact for the jury. Int'l Rectifier Corp. v. IXYS Corp., 361 F.3d 1363, 1369 (Fed. Cir. 2004).

Given the Court's claim interpretation, plaintiffs do not believe they can establish that Gore has infringed the asserted claims of the '418 patent. As a consequence, plaintiffs respectfully ask the Court to enter judgment of non-infringement, so that the legal issue of claim interpretation can be reviewed on appeal. The Federal Circuit permits appeals from final judgments where a plaintiff-patentee believes it cannot prove infringement after a trial court's claim interpretation. Oatey Co. v. IPS Corp., 514 F.3d 1271, 1276 (Fed. Cir. 2008); Ventana Medical Systems, Inc. v. Biogenex Laboratories, Inc., 473 F.3d 1173, 1177 (Fed. Cir. 2006); Home Diagnostics, Inc. v. Lifescan, Inc., 381 F.3d 1352 1355 (Fed. Cir. 2004).

In accordance with Rule 54(b), there is no just reason for delay. For the reasons stated, it is respectfully requested that a final judgment of non-infringement and dismissal without prejudice of all remaining claims and counterclaims be entered.

Respectfully submitted,

/s/ Richard B. Megley, Jr.
Raymond P. Niro
Christopher J. Lee
Richard B. Megley, Jr.
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602

(312) 236-0733
Fax: (312) 236-3137

Attorneys for Ledergerber Medical Innovations, LLC and Dr. Walter Ledergerber

2

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

>David H. Pfeffer
>Richard Straussman
>Jordan G. Garner
>James W. Gould
>Locke Lord Bissell & Liddell, LLP
>3 World Financial Center, 20th Floor
>New York, NY 10281
>(212) 415-8700
>Fax: (212) 415-8701
>
>John N. Scholnick
>Fiona A. Burke
>Stacie R. Hartman
>Patricia Brown Holmes
>Schiff Hardin LLP
>6600 Sears Tower
>Chicago, IL 60606
>(312) 258-5500
>Fax: (312) 258-5700
>
>Scott Hawranek
>W.L. Gore & Associates, Inc.
>1505 North 4th Street
>Flagstaff, AZ 86003
>(928) 526-3030
>Fax: (928) 522-4039

Notice Delivered by Other Means:

>Carol A. Lewis (White)
>551 Paper Mill Road
>Newark, DE 19714
>(302) 292-4179
>**Counsel for W.L. Gore & Associates, Inc.**

on February 18, 2009.

/s/ Richard B. Megley, Jr.