UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEDERGERBER MEDICAL INNOVATIONS, LLC, and DR. WALTER LEDERGERBER<br><br>Plaintiffs<br><br>v.<br><br>W.L. GORE & ASSOCIATES, INC.,<br><br>Defendant. | Case No. 07 C 1593<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ledergerber Medical Innovations, LLC and Dr. Walter Ledergerber (collectively "Ledergerber") move to reconsider the Court's invalidation of United States Patent No. 6,921,418 ('418 patent). Defendant W.L. Gore & Associates, Inc. ("Gore") seeks its attorney fees, asserting this case is "exceptional" under 35 U.S.C. § 285. For the reasons below, the Court denies both motions. As the Court found when it granted summary judgment to Gore, Ledergerber's § 120 priority claim is defective and, consequently, the '418 patent is anticipated under 35 U.S.C. § 102(b) by Ledergerber's prior-issued patents. Because there is insufficient evidence under the totality of the circumstances to declare this case exceptional, Gore is not entitled to attorney fees.

I.   **BACKGROUND**

On March 19, 2001, Ledergerber filed patent application 09/813,091 ('091 application), which issued on July 26, 2005 as the '418 patent, titled "Dual-Sided, Texturized Biocompatible Structure." The '418 patent claims priority under 35 U.S.C. § 120 to a patent application Ledergerber filed on December 22, 1987. Gore manufactures and sells the PRECLUDE MVP, a medical implant covering that Ledergerber claims infringes on that '418 patent. The Court construed

the meanings of disputed claim terms of the '418 patent after holding *Markman* hearings. (Doc. 131.) The Court subsequently granted Gore's motion for summary judgment on the grounds that the '418 patent was invalid. (*See* Doc. 184.) The Court found that the '418 patent did not receive the benefit of the 1987 filing date, and consequently, the '418 patent was anticipated under § 102(b) by another Ledergerber patent. Ledergerber now moves for reconsideration of that invalidity order (Doc. 189), and Gore seeks its attorney fees under § 285 (Doc. 194).

## II. STANDARDS FOR RECONSIDERATION AND EXCEPTIONAL CASES

Though Federal Circuit precedent generally controls in patent cases, district courts apply the legal standard of their regional circuit on Rule 59(e) motions to reconsider. *Minton v. NASD, Inc.*, 336 F.3d 1373, 1378–79 (Fed. Cir. 2003). A motion to reconsider allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). They are granted on a showing of "manifest error," which is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A Rule 59(e) motion, however, is not a "vehicle for a party to undo its own procedural failures, and it certainly does not allow a party introduce new evidence or advance arguments that could have, and should have, been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568.

In exceptional patent cases, courts have discretion to award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285. Whether a case is "exceptional" must be established by "clear and convincing evidence." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). When assessing whether a case qualifies as exceptional, district courts must look at the "totality of the circumstances." *Yamanouchi Pharm Co., Ltd. v. Danbury Pharmacal Inc.*, 231

F.3d 1339, 1347 (Fed. Cir. 2000). The decision to award reasonable attorney fees rests in the discretion of the district court. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1376 (Fed. Cir. 2001).

## III. DISCUSSION

In his motion to reconsider, Ledergerber argues that § 120, as a matter of statutory interpretation, does not require continuity of disclosure, and the Court did not consider the testimony of a patent examiner and two of Ledergerber's experts. The Court addresses each of these arguments before turning to Gore's motion for attorney fees.

### A. Continuity of Disclosure

Ledergerber first argues that the judgment of invalidity is improper because § 120 does not require the continuity of disclosure. When it invalidated the '418 patent, the Court noted that "continuity of disclosure must be maintained through the chain of patents leading up to the patent-in-suit," and that disclosure "must 'contain a written description of the invention' sufficient to 'enable any person skilled in the art to which it pertains . . . to make and use the same.'" (Doc. 184 at 9); *see also Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1378 (Fed. Cir. 2007) (finding "[i]n order to gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112."); 35 U.S.C. § 112 ¶ 1 (requiring "a written description of the invention" sufficient to "enable any person skilled in the art to which it pertains . . . to make and use the same.") The Court then found that Ledergerber did not have this continuity of disclosure because an earlier application in the chain did not explicitly disclose the ePTFE sheet claimed by the '418 patent and did not incorporate previous applications in Ledergerber's chain. (*See* Doc. 184 at

11-14.)

According to Lederger, § 120, by its express terms, does not require continuity of disclosure, "namely that each application in a chain must contain a written description of the claimed invention," but rather "only . . . § 120 support in the application from which priority is being claimed." (Doc. 189.) To receive an earlier priority date, § 120 requires, among other things, that "an invention disclosed [was] in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States." 35 U.S.C. § 120. Ledergerber asserts that the "an" in the words "an application" should not construed to mean "all."

Put simply, Ledergerber's contention is at odds with long precedent that binds this Court. *See e.g., Zenon*, 506 F.3d at 1378; *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571 (Fed. Cir. 1997) (same); *In re Schneider*, 481 F.2d 1350, 1356 (C.C.P.A. 1977) (finding § 120 requires "continuous chain of co-pending applications each of which satisfies requirements of § 112 with respect to claimed subject matter"). In his reply, Ledergerber "recognizes the authority and effect" of the decisions requiring continuity of disclosure, but "submits that these decisions may need to be reconsidered or harmonized by the Federal Circuit in view of the guidance" from the Supreme Court in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010) on legislative interpretation. (Doc. 197.) However, *Bilski* does not interpret § 120 and Ledergerber's argument should be addressed to the Federal Circuit on appeal, not this Court on reconsideration. The Court applies settled precedent and reiterates its previous opinion that the '418 patent is invalid because it did not show continuity of disclosure with earlier applications, and, consequently, was anticipated by one of Ledergerber's earlier patents.

B. **Testimony Regarding "Ordinary Skill in the Art"**

Next, Ledergerber claims that the Court failed to consider evidence from the patent examiner and two of Ledergerber's experts, Drs. Loomis and Jensen, regarding what an ordinary person skilled in the art would have understood from the '091 application. According to Ledergerber, if the Court had considered this testimony, it would have found a genuine of fact and denied summary judgment.

As an initial matter, Ledergerber only presented Dr. Jensen's testimony as part of Ledergerber's previous motion for summary judgment that the Court denied as premature. (*See* Docs. 57-58.) Dr. Jensen's declaration was not part of Ledergerber's Local Rule 56.1 statement on Gore's motion for summary judgment on invalidity grounds. (*See* Doc. 162.) As the Court noted it its order invalidating the '418 patent, the Court limits its summary judgment inquiry to only that evidence presented in the parties' 56.1 statements. *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *see also Waldridge v. Am. Hoeschst Crop.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (holding 56.1 statements "are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.")

The Court considered the views of the patent examiner in its opinion granting summary judgment to Gore. In a footnote, the Court noted that there was no written evidence that the patent examiner considered the issue of the priority date for the '091 application (which eventually became the '418 patent), and the *only* evidence on that point was "the self-serving testimony of Dr. Ledergerber's patent attorney." (Doc. 184 at 11 n.3.) Ledergerber does not take issue with this

5

conclusion, he only argues that the Court failed to consider the patent examiner's alleged thoughts on the issue. That is incorrect as a factual matter and is insufficient to support a motion to reconsider.

Finally, turning to Dr. Loomis, the Court explicitly referenced his testimony in its opinion. Citing *Anascape, Ltd. v. Nintendo of Am., Inc.*, 601 F.3d 1333 (Fed. Cir. 2010), the Court found that the figure in a previous application that Ledergerber claimed supported the '418 patent was simply insufficient to demonstrate that Ledergerber also had invented the dual-sided sheet of eFTPE disclosed in the '418 patent. (*See* Doc. 184 at 11-12); *Anascape*, 601 F.3d at 1339 (finding an expert's conclusion "cannot override the objective content of these documents.") Ledergerber is not entitled to reconsideration on this issue either.

**C.     Unexceptional Case Under § 285**

The Court The Court "in exceptional cases may award reasonable attorney fees to the prevailing party." *See* 35 U.S.C. § 285. Factors that courts consider when in determining whether a case is exceptional include whether: (1) the infringing conduct was willful or intentional; (2) the losing party engaged in inequitable conduct before the Patent and Trademark Office; (3) the losing party litigated in bad faith; and (4) parties engaged in vexatious, unjustified, or frivolous litigation. *Brasseler U.S.A. I., L.P. v. Stryker Slaes Corp.,* 267 F.3d 1370, 1380 (Fed. Cir. 2001); *Bayer Aktiengesellschaft v. Duphar Int'l., Res.*, 738 F.2d 1237, 1242 (Fed. Cir. 1984).

The first factor does not apply here because Gore, the alleged infringer, is the party seeking attorney fees and, in any event, the patent-in-suit is invalid. Turning to the second factor, though the prosecution history of the '418 patent was examined at length during discovery, there is no evidence that Ledergerber obtained the patent by committing fraud before the Patent Office. Third, the both

parties presented legal arguments in good faith. Gore's primary argument that it is entitled to attorney fees is that it told Ledergerber, in pre-suit correspondence, that the patent was invalid on the same grounds found by the Court in its previous opinion. However, that Gore previewed its ultimately successful legal position to Ledergerber, does not, by itself, make this case exceptional. Indeed, Ledergerber took steps to avoid litigation before suing by suggesting binding arbitration pre-suit. Finally, there is no evidence of any sort misconduct by either party. Under the totality of the circumstances, this case appears to be the result of an ordinary difference of opinion as to the validity of the '418 patent, and Gore has not show it is exceptional by clear and convincing evidence. Accordingly, the Court denies Gore's motion for attorney fees.

**IV.    CONCLUSION**

For the above reasons, the Court denies Ledergerber's motion for reconsideration (Doc.189) and denies Gore's motion for attorney fees. (Doc. 194.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 26, 2011